**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JEREMIAH LINZ, CORY DAVIS, and Aaron Kaminsky,** individually and on behalf of all others similarly situated | : : : | Case No. 1:19-cv-529 |
| | : | **Judge** |
| **Plaintiffs,** | : : | |
| v. | : : | **PLAINTIFFS' CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **CORE VALUES ROADSIDE SERVICE, LLC,** | : : | **AND JURY DEMAND** |
| and | : : | |
| **MARK HYNDMAN** | : : | |
| **Defendants.** | : : | |

COMES NOW Plaintiffs Jeremiah Linz, Cory Davis, and Aaron Kaminsky by and through their undersigned legal counsel, and for their Collective and Class Action Complaint against Defendants Core Values Roadside Service, LLC and Mark Hyndman, allege as follows:

## INTRODUCTION

1. This case concerns Defendant Core Values Roadside Service, LLC (hereinafter "Core Values" or "CVRS"), a roadside assistance company providing services such as tire changes, jump starts, fuel delivery, and lockout services, which intentionally misclassified Plaintiffs and all other members of the putative Class as independent contractors.

2. Pursuant to this intentional misclassification scheme, Defendants willfully refused to pay a minimum wage; willfully refused to pay overtime; and reduced employee wages through unlawful deductions.

3. Plaintiffs, on behalf of themselves and other similarly situated roadside assistance technicians currently or formerly employed by Defendant Core Values, contend that

1

Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and numerous state wage and hour statutes by: (1) misclassifying roadside assistance technicians as independent contractors; (2) failing to pay roadside assistance technicians the minimum wage in violation of the FLSA and state wage and hour laws; (3) knowingly suffering and permitting Plaintiffs and the putative Class members to work in excess of 40 hours during a workweek without paying overtime compensation at a rate of one-and-one half times their regular rate; (4) improperly reducing pay to Plaintiffs and the putative Class members through unlawful deductions; and (5) adopting and implementing employment policies which violate the FLSA and state wage and hour laws.

4. During the past three years, Defendant Core Values provided roadside assistance services to customers in at least three markets in multiple states across the United States including, but not limited to, Washington, Ohio, and Pennsylvania. Defendant Core Values has a strict policy preventing Plaintiffs and the putative Class members from knowing the identities of one another. Upon information and belief, the unlawful employment policies and pay practices that Defendants implemented in all of its markets are uniform.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C.§ 1331 because the claims raise a federal question under the FLSA, 29 U.S.C. §201, *et al*.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims asserted herein, as those claims share both a common nucleus of operative facts and arise out of the same occurrences as their federal claims.

7. Venue is proper in this Court because a substantial part of the actions giving rise to the claims occurred in this judicial district.

## **PARTIES**

8. Named Plaintiff, Jeremiah Linz, is a resident of this judicial district. At all relevant times, Linz was an employee of Defendant, as defined in 29 U.S.C. §201 *et seq.*, and worked as a roadside assistance technician in Ohio and Pennsylvania from 2017 to 2019.

9. Named Plaintiff, Cory Davis, is a resident of western Pennsylvania. At all relevant times, Davis was an employee of Defendant, as defined in 29 U.S.C. §201 *et seq.*, and worked as a roadside assistance technician in Ohio from January to March 2019.

10. Named Plaintiff, Aaron Kaminsky, is a resident of western Pennsylvania. At all relevant times, Kaminsky was an employee of Defendant, as defined in 29 U.S.C. §201 *et seq.*, and worked as a roadside assistance technician in Pennsylvania from September 2018 to April 2019.

11. Plaintiffs bring this action on behalf of themselves and all others similarly situated individuals ("FLSA Collective") pursuant to the FLSA, 29 U.S.C. §216(b). Plaintiffs and the FLSA Collective were, or are: (1) misclassified as independent contractors; (2) not paid the wages, including overtime, to which they were entitled as employees; and (3) unlawfully denied pay by way of illegal deductions, as described more fully below.

12. Plaintiffs also bring this action under Ohio Rev. Code §4111 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs and the putative Rule 23 Class were misclassified as independent contractors during the applicable statutory period.

13. Plaintiffs also bring this action under Pennsylvania Code §231.1 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs and the putative Rule 23 Class were misclassified as independent contractors during the applicable statutory period.

14. Defendant Core Values is a Washington limited liability company with its principal place

of business located in Spokane, Washington.

15. Defendant Mark Hyndman is a resident of Washington, and is the managing member of Defendant Core Values. Upon information and belief, Defendant Hyndman is responsible for Defendant Core Values' payroll practices and policies.

16. Defendants provide roadside assistance to customers, such as tire changes, jump starts, fuel delivery, and lockout services.

17. Upon information and belief, Defendants' gross annual sales made or business done has been in excess of $500,000 at all relevant times.

18. At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA §203(d). Defendants are also "employers" under O.R.C. §4111 and Pennsylvania Code §231.

19. Defendants operate in interstate commerce by, among other things, dispatching their employees to customers in multiple states.

20. As a matter of common policy and practice, Defendants misclassify all of their roadside assistance technicians.

**FACTUAL ALLEGATIONS**

21. Plaintiffs and the putative Collective/Class members are individuals who were or are misclassified by Defendants as independent contractors.

22. As a result of Defendants' common misclassification policy, Defendants have not paid a minimum wage or overtime pay to Plaintiffs and others similarly situated, despite Plaintiffs being suffered and permitted to work in excess of 40 hours per week. Defendants required Plaintiffs and the putative Class members to sign illegal and void "Independent Service

Provider Agreements" pursuant to which Plaintiffs and the putative Class members were not paid an hourly wage equal to the applicable minimum wage, were not paid overtime compensation at a rate of one and one-half times their regular rate, and were subject to improper pay reductions through damage deductions.

23. Pursuant to Defendants' Independent Service Provider Agreement, Plaintiffs and the putative Class members were paid a flat amount between $12 and $15 per service run and around $7 for jobs where the customer was not at the designated location.

24. If Plaintiffs or the putative Class members refused a job or assignment, or failed to respond to a dispatch by Defendants in a timely manner, Plaintiffs and the putative Class would be penalized $8.

25. In the event of damage to a customer's vehicle, Defendants would deduct the amount of damage from Plaintiffs and the putative Class members. Plaintiffs and the putative Class members had no control over these improper deductions.

26. Despite providing their own tools and automobiles, Plaintiffs and the putative Class members were not paid a mileage reimbursement by Defendants.

27. Defendants required Plaintiffs and the putative Class members to keep an app on their phones, called "Spark," active at all times.

28. Defendants required Plaintiff and the putative Class members to be on call 24-hours per day, seven days a week.

29. In additional to "on call" time, Plaintiffs and the putative Class members routinely worked in excess of 70 hours per week.

30. The FLSA applied to Plaintiffs and the putative Class members at all times during which they worked for Defendants. No exceptions to the FLSA apply to Plaintiffs and the Class.

31. Upon information and belief, Defendants employed numerous roadside assistance technicians throughout the relevant time period without paying a minimum wage or overtime pay, subjected them to improper and unlawful pay deductions, and denyied them the rights and benefits due to an employee.

32. At all relevant times, Defendants directly or indirectly exercised significant control over the wages, hours, and working conditions of Plaintiffs and the members of the putative Class.

33. At all relevant times, the employment terms, conditions, and policies that applied to Plaintiffs were the same as those applied to other putative Class members who also worked as roadside assistance technicians for Defendants.

34. Defendants' misclassification of Plaintiffs and the putative Class members as independent contractors was specifically intended to enhance Defendants' profit margins at the expense of the Class as follows: (1) failing to pay roadside assistance technicians the minimum wage in violation of FLSA and state wage and hour laws; (2) knowingly suffering and permitting Plaintiff and the putative Class members to work in excess of 40 hours during a workweek without paying overtime compensation at a rate of one and one-half times their regular rate; (3) improperly reducing pay to class members through unlawful deductions; and (4) adopting and implementing employment policies which violate the FLSA and state wage and hour laws.

35. Defendants' misclassification of Plaintiffs and the putative Class members was willful.

36. Defendants knew or should have known that it was improper to classify Plaintiffs and putative Class members as independent contractors.

37. Workers in the putative Class cannot "elect" to be treated as employees or independent

contractors. Workers in the Class likewise cannot agree to be paid less than the minimum wage. Despite this, Defendants unfairly, unlawfully, and unconscionably induced workers in the Class to waive their statutory rights and elect to be treated as independent contractors.

38. Any contract which attempted to have workers in the putative Class waive, limit, or abridge their statutory rights to be treated as employees under the FLSA or other applicable wage and hour laws is void, unenforceable, unconscionable, and contrary to public policy.

39. Plaintiffs and the putative Class do not exert control over any meaningful part of Defendants' business operations and do not stand as a separate economic entity from Defendants. Defendants exercise control over all aspects of the working relationship with Plaintiffs and the other class members.

40. Plaintiffs and the putative Class members had no control over customers, nor did they actively participate in any efforts to increase Defendants' customer base or profit, or to improve business in any capacity.

41. Defendants did not permit Plaintiffs or the putative Class members to hire or subcontract other qualified individuals to provide additional roadside assistance to customers, thereby increasing their revenues, as an independent contractor in business for himself would have the authority to do.

42. Defendants took active steps to prevent Plaintiffs and the putative Class members from knowing the number and identities of other service providers in their area or market, preventing Plaintiffs and the putative Class members from coordinating availability or delegating responsibilities.

43. Plaintiffs and the putative Class members worked for Defendants as roadside assistance technicians in Defendant's service areas during the applicable statutory period. Because of

Defendants' 24-hour on call policy, Plaintiffs and the putative Class members were unable to have other means of employment.

44. All actions and agreements by Defendants as described herein were willful and intentional, and they were not the result of mistake or inadvertence.

45. Defendants were aware that the FLSA applies to their business at all relevant times and that, under the economic realities test applicable to determining employment status under those laws, Plaintiffs and the putative Class members were misclassified as independent contractors.

46. Despite this notice of their violations, and in an effort to enhance Defendants' profits, Defendants continued to intentionally misclassify roadside assistance technicians like Plaintiffs and the putative Class members, failed to pay them the minimum wage in violation of the FLSA, knowingly suffered and permitted them to work in excess of 40 hours during a workweek without paying overtime compensation at a rate of one and one-half times their regular rate, and improperly reduced their pay through unlawful deductions. Such conduct was intentional, unlawful, fraudulent, deceptive, unfair, and contrary to public policy.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

48. Plaintiffs bring Counts I and II of this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of all similarly situated current and former workers of Defendants who were subject to Defendants' illegal misclassification scheme at any time during the last three years. The proposed FLSA Collective is defined as follows:

All roadside assistance technicians who worked for Defendants and were misclassified by Defendants as independent contractors at any time in the past three years.

49. Excluded from the Class are all of Defendants' executives, administrators, professional employees, and outside salespersons.

50. Plaintiff Kaminsky has consented in writing to be part of this action pursuant to 29 U.S.C. §216(b). His signed consent form is attached to this Complaint as Exhibit A.

51. At this time, Plaintiffs are unable to estimate the size of the Collective, as Defendants have taken affirmative steps to prevent the putative collective members from knowing anything about the workers in their geographic areas. Upon information and belief, Defendants operate their scheme on a national level, and Plaintiffs presume the Collective's size exceeds 40 persons. The precise number of collective members should be readily discernable from a review of Defendants' records.

52. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

53. Defendants willfully engaged in a pattern of conduct that violated the FLSA as previously described in this Complaint.

54. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FSLA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of misclassifying its employees as independent contractors and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## **CLASS ACTION ALLEGATIONS**

55. Plaintiff brings Counts III-V of this action as a class action pursuant to Federal Rule of Civil Procedure Rule 23.

56. Named Plaintiffs bring this action individually and as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter the "Classes"):

57. The Ohio Class is defined as follows:

    All roadside assistance technicians who worked for Defendants in the State of Ohio and were misclassified by Defendants as independent contractors at any time in the past three years.

58. The Pennsylvania Class is defined as follows:

    All roadside assistance technicians who worked for Defendants in the State of Pennsylvania and were misclassified by Defendants as independent contractors at any time in the past three years.

59. Upon information and belief, all requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied to maintain a class action.

60. The individuals in the Classes are so numerous that joinder of all members is impracticable. While the exact number of Class members has not been determined at this time, upon information and belief, Defendants have employed hundreds of Class members during the relevant time period. Plaintiffs and members of the Rule 23 Classes have been equally affected by Defendants' violations of law.

61. There are questions of law and fact common to the Classes that predominated over any questions affecting individual members, including, but not limited to:

    a. Whether Defendants violated the rights of Plaintiffs and the Classes by routinely subjecting them to improper pay deductions to account for alleged damage to customer vehicles and failure to pay a mileage reimbursement.

      b. The amount of damages, restitution, and/or other relief (including all applicable civil penalties, liquidated damages, and equitable relief available to which Plaintiffs and the Classes are entitled); and

      c. Whether Defendants should be enjoined from such violations in the future.

62. Plaintiffs' claims are typical of those of the Classes. Plaintiffs, like other members of the Classes, were subjected to Defendants' policies and willful practices of improper pay deductions to account for alleged damage to customer vehicles and failure to pay a mileage reimbursement. Plaintiffs and members of the Rule 23 Class have sustained similar injuries as a result of the Defendants' actions.

63. Plaintiffs are adequate representatives of the Classes. Plaintiffs retained counsel experienced in complex wage and hour cases and collective/class action litigation.

64. Plaintiffs are members of the Classes. Given Plaintiff's injury and loss, Plaintiffs are committed to the prosecution of this action for the benefit of the Class.

65. Plaintiffs have no interest that would cause them to act adversely to the best interests of their respective class actions. These actions are maintainable as class actions because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes, which would establish incompatible standards of conduct for Defendants.

66. These actions are maintainable as class actions because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes and because class actions are superior to other methods for the fair and efficient adjudication of these actions.

67. The Class Representatives intend to send notice to all members of the Rule 23 Class to the extent required by the Federal Rules of Civil Procedure.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
**FAILURE TO PAY STATUTORY MINIMUM WAGE**
(On behalf of Plaintiffs and the FLSA Collective)

68. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

69. The minimum wage requirements of the FLSA apply to Defendants and protect Plaintiffs and the members of the putative FLSA Collective.

70. Pursuant to the FLSA, Plaintiffs and the putative FLSA Collective were entitled to be compensated at the rate of $7.25 per hour.

71. Defendants failed to pay Plaintiffs and the putative FLSA Collective the minimum wage set forth in the FSLA throughout the relevant time period because Defendants intentionally misclassified them as independent contractors.

72. Plaintiffs and the putative Class were required by Defendants to use their own personal vehicles for their employment purposes, and to pay for alleged damage to customer vehicles. Plaintiffs and the putative FLSA Collective were not reimbursed for these expenses. To the extent that these deductions lowered Plaintiffs' and the putative FLSA Collective's pay below the FLSA minimum wage, Defendants have likewise violated the FLSA.

73. In light of the foregoing, Plaintiffs and the putative FLSA Collective have been damaged in the form of unpaid minimum wages for the applicable statutory period.

### COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT
**FAILURE TO PAY STATUTORY OVERTIME PREMIUM**
(On behalf of Plaintiffs and the FLSA Collective)

74. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

75. The overtime premium requirements of the FLSA apply to Defendants and protect Plaintiffs and the members of the putative FLSA Collective.

76. Pursuant to the FLSA, Plaintiffs and the putative FLSA Collective were entitled to be compensated at the rate of one and one half times their regular rate of pay for every hour worked over forty per week.

77. Defendants failed to pay Plaintiffs and the putative FLSA Collective the overtime premium set forth in the FSLA throughout the relevant time period because Defendants intentionally misclassified them as independent contractors. This policy was willful and uniform among the members of the FLSA Collective.

78. In light of the foregoing, Plaintiffs and the putative FLSA Collective have been damaged in the form of unpaid overtime premiums for the applicable statutory period.

### COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT
### IMPROPER AND UNLAWFUL PAY DEDUCTIONS
### (On behalf of Plaintiffs and the putative Class members)

79. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

80. Plaintiffs and the putative Class members provided valuable labor to Defendants that inured to Defendants' benefit and for which they were not compensated.

81. Through their work for Defendants, Plaintiffs and the putative Class members provided a material benefit to Defendants.

82. Defendants received and accepted the above-referenced services and enjoyed the benefits therefrom.

83. Pursuant to Defendants' policies, Plaintiffs and the others similarly situated routinely suffered improper pay deductions to account for alleged damage to customer vehicles and failure to properly reimburse for mileage.

84. Defendants instituted these policies so that they could retain the material benefit of the work performed by Plaintiffs and the Class members without providing them appropriate compensation.

85. Defendants were unjustly enriched by the retention of monies that should have been paid to Plaintiffs and class members in exchange for their services but were, instead, improperly and unlawfully deducted from the pay of Plaintiffs and the class members as a result of Defendants' illegal policies.

86. In light of the foregoing, Plaintiffs and the putative Class members did not receive fair compensation for the work they performed and Defendants were unjustly enriched in an amount to be determined at trial.

### COUNT IV – VIOLATION FO THE PENNSYLVANIA MINIMUM WAGE ACT, PENNSYLVANIA CODE §231.1 *et seq.*
**(On behalf of Plaintiffs Linz, Davis, Kaminsky, and the putative Pennsylvania class members)**

87. Plaintiff Davis and the putative Class members incorporate by reference the preceding paragraphs as if fully restated herein.

88. The above-described actions of Defendants violated the rights of Plaintiff Davis and the putative Pennsylvania Class members under Pennsylvania law for which they are entitled relief.

89. In light of the foregoing, Plaintiff Davis and the Pennsylvania Class have been damaged in the form of unpaid minimum wage and overtime premiums.

### COUNT V – VIOLATION OF THE OHIO MINIMUM WAGE ACT, OHIO REVISED CODE §4111.01 *et seq.*
**(On behalf of Plaintiff Linz and the putative Ohio class members)**

90. Plaintiff Linz and the putative Class members incorporate by reference the preceding paragraphs as if fully restated herein.

91. The above-described actions of Defendants violated the rights of Plaintiff Linz and the putative Ohio class members under Ohio law for which they are entitled to relief.

92. In light of the foregoing, Plaintiff Linz and the Ohio class have been damaged in the form of unpaid minimum wage and overtime premiums.

WHEREFORE, Plaintiffs request the following relief:

a) Certification of this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b) Certifying classes in Pennsylvania, Ohio, and other appropriate states in accordance with Fed. R. Civ. P. 26(b)(3) with respect to the claims set forth above;

c) Designating Named Plaintiffs as Class Representatives;

d) Declaring that Defendants willfully violated their obligations under the FLSA and its attendant regulations as set forth above;

e) Declaring that Defendants willfully violated the Pennsylvania and Ohio wage and hour statutes;

f) Certifying this matter to proceed as a class action;

g) Designating the Finney Law Firm as Lead Counsel for Plaintiffs and the Class members on their Collective and Class action claims;

h) Awarding Plaintiffs and the class members all available compensatory and liquidated damages, including, *inter alia*, all unpaid wages owed under applicable law;

i) Interest according to law;

j) An award of reasonable attorneys' fees and costs;

k) Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

15

l) For any and all further relief that this Court deems just and equitable.

*/s/ Stephen E. Imm*

Stephen E. Imm (0040068)
Matthew S. Okiishi (0096706)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5678
(513) 943-6669-fax
stephen@finneylawfirm.com
matt@finneylawfirm.com
*Attorneys for Plaintiffs*

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all claims and issues so triable.

/s/ Stephen E. Imm

Stephen E. Imm (0040068)