# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

**CIVIL ACTION NO. 1:19-cv-529 (WOB)**

**JEREMIAH LINZ, ET AL.**                                           **PLAINTIFFS**

**VS.**                <u>**MEMORANDUM OPINION AND ORDER**</u>

**CORE VALUES ROADSIDE SERVICE, LLC, ET AL.**         **DEFENDANTS**

Plaintiff Jeremiah Linz and two other named co-Plaintiffs have filed a class action, which is related to a suit brought by Elizabeth Mahan. *See Mahan v. Core Values Roadside Service, LLC, et al.*, 1:19-cv-480. Both suits allege violations of the Fair Labor Standards Act, violations of Ohio's and Pennsylvania's minimum wage laws, and contain claims for unjust enrichment. The claims in Plaintiff Mahan's separate suit arise from when she began helping Plaintiff Linz, who was at the time her fiancé and cohabitant, provide roadside assistance services under an agreement that he had signed with Defendant Core Values.

Defendants have filed motions to change venue in both cases alleging that the forum selection clauses in Linz's and his co-Plaintiff's independent service provider agreements are enforceable against all parties in both suits and consequently dictate that both cases be transferred to the Eastern District of Washington Spokane Division. *See Mahan v. Core Values Roadside*

*Service, LLC, et al.*, 1:19-cv-480, Doc. 11; *Linz, et al. v. Core Values Roadside Service, LLC, et al.*, 1:19-cv-529, Doc. 15. For the reasons below, both motions are **GRANTED** and both cases **TRANSFERRED** pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Washington Spokane Division.

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

In July 2018, Plaintiff Linz entered into an independent service provider agreement with Defendant Core Values to perform roadside assistance services in Ohio and Pennsylvania. Doc. 15-2, at 7. The other named Plaintiffs signed similar agreements. These agreements paid Plaintiffs a flat amount per service run and assessed a fine if Plaintiffs failed to respond or refused a job. Jobs were assigned via a phone application that Plaintiffs allege had to be active twenty-four hours per day seven days a week in order to avoid being fined for not responding to a call. This system allegedly resulted in Plaintiffs always being on call and working seventy or more hours per week.

Plaintiff Mahan helped her fiancé Plaintiff Linz in performing services by keeping track of dispatches in her spare time. Her efforts put her in frequent contact with Core Values management. Plaintiff Mahan says that Defendants knew of her

---

[1] The Court draws upon the allegations in both complaints to form the statement of facts.

relationship with Mr. Linz and says that she lived with Linz at all relevant times.

In 2018, Plaintiff Mahan states that she submitted a background check to Core Values and began helping Defendants expand their services to Pittsburg. As part of the expansion effort, Plaintiff Mahan recruited drivers, provided updates to Core Values, and participated in conference calls. Mahan estimates that she worked twenty-to-thirty hours per week for Defendants without compensation and that she did so out of fear that refusal would result in Core Values reducing Plaintiff Linz's job assignments.

The events at issue all center around the initial independent service provider agreements that Plaintiff Linz and the other named co-Plaintiffs signed. Since those agreements have a forum selection clause, Defendants have now moved to have both cases transferred to the Eastern District of Washington.

Defendants' motions raise two issues. The first issue is whether Defendants can enforce the transfer provisions against Plaintiff Linz and co-Plaintiffs even though Defendants did not sign the agreements and Plaintiffs allegedly expressed an intent to terminate them. Defendants argue that they can enforce the forum selection clauses against Plaintiff Linz and the other named Plaintiffs because Plaintiffs signed the agreements and both parties performed under them, which makes the lack of a signature from a Core Values' representative inconsequential. Defendants

also note that a valid forum selection clause controls unless enforcing the clause would effectively deny Plaintiffs any remedy and point out that transfer to the Eastern District of Washington would not deny Plaintiffs the relief sought.

The second issue is whether Defendants can enforce the forum selection clause in Plaintiff Linz's agreement against Plaintiff Mahan even though she was not a party to that agreement and did not sign it. Defendants assert that the forum selection clause in Plaintiff Linz's agreement can be enforced against Plaintiff Mahan because she, as an employee or business partner of Plaintiff Linz, was a third-party beneficiary to the agreement. In response, Plaintiff Mahan also claims that her work for Core Values (territory expansion and driver recruitment) involved activities beyond the scope of the responsibilities outlined in Plaintiff Linz's agreement, meaning that she should not be bound by the agreement's terms.

## **II. ANALYSIS**

Both cases should be transferred to the Eastern District of Washington. To start, the agreements' forum selection clauses are enforceable against Linz and the other named Plaintiffs. Under 28 U.S.C. § 1404(a) a federal court can transfer a case to a jurisdiction to which all parties consent. Here, Plaintiff Linz and the named co-Plaintiffs signed agreements stating that all

disputes arising from the agreement would be handled in Spokane, Washington.[2]

Such a clause controls in all but the most exceptional circumstances and should only be ignored where the circumstances overwhelmingly disfavor transfer such as situations where transfer would deny Plaintiffs any remedy. *Atlantic Marine Constr. Co. v. United States District Court*, 571 U.S. 49, 60 (2013); *Wong v. PartyGaming, Ltd.*, 589 F.2d 821, 828-29 (6th Cir. 2009); *Preferred Capital, Inc. v. Assocs. In Urology*, 453 F.3d 718, 722 (6th Cir. 2006). Neither Plaintiff Linz, his co-Plaintiffs, nor Plaintiff Mahan argue that they would be denied the remedies sought if their cases were transferred. Nor can they show that the clause is unenforceable for other reasons.

It does not matter that a Core Values' representative failed to sign the agreements. Under both Ohio and Washington law, an unsigned agreement can be enforced against a party that signed it, especially in situations where both parties performed under the agreement and expressed an intent to be bound. *Jatsek Constr., Co. v. Burton Scot Contractors, L.L.C.*, 2012-Ohio-3966, 2012 WL 3775989, *3-4 (Oh. Ct. App. Aug 30, 2012) (finding arbitration

---

[2] The relevant contract provision states that the "ISP agrees and consents that the exclusive jurisdiction and venue for any dispute between the parties to this Agreement shall be limited to a local, state or federal court situated within the city of Spokane and/or Spokane County, Washington." (Doc. 11-2, at 5-9).

provision enforceable against party that signed agreement even though agreement unsigned by party seeking enforcement); *Morris v. Maks*, 850 P.2d 1357, 1359-1361 (Wash. 1993) (agreement enforceable against party that signed letter indicating intent to be bound by the terms).

Though all Plaintiffs disagree, both parties to the agreements evidenced an intent to be bound by the terms. Core Values provided dispatch calls, Plaintiffs responded, and Core Values paid them for their services. Whether the work requirements and compensation scheme comported with the labor laws is a different question, and such possible violations of the law do not undermine an intent to be bound by the agreement's terms.

Plaintiff Linz's arguments that the clause is unenforceable because he and his fellow Plaintiffs terminated the agreements when they stopped taking referrals lacks merit. The forum selection clause states that it applies to any dispute arising out of the agreements, and there is no question that Linz and his fellow Plaintiffs' lawsuit arises out of the agreements and concerns how they were both classified and paid under the agreements. Plaintiffs also cite no legal authority to support this position. *In re Disciplinary Preceding Against Starczewski*, 306 P.3d 905, 913 (2013) ("A Court only considers legal arguments supported by citation to legal authority."); *U.S. S.E.C. v. Sierra Brokerage Services*, 608 F. Supp. 2d 923, 952, n.29 (S.D. Ohio 2009) (noting

that conclusory and undeveloped legal arguments made without citation to authority are waived). Accordingly, the Court finds that the agreement's forum selection clause is enforceable against Plaintiff Linz and the other named Plaintiffs in the suit.

The Court also finds that the forum selection clause is enforceable against Plaintiff Mahan. A non-signatory to a contract may be bound by a forum selection clause in that contract if the non-signatory is so closely related to the dispute such that it becomes foreseeable that the non-signatory will be bound by the clause. *Regions Bank v. Wyndham Hotel Mgmt., Inc.*, No. 3:09-1054, 2010 WL 908753, at *5 (M.D. Tenn. Mar. 12, 2010) (citing *Baker v. LeBoeuf, Lamb, Leiby & Macrae,* 105 F.3d 1102, 1105-06 (6th Cir.1997); *Washburn v. Garner,* 2005 WL 1907530, *11 (W.D. Ky. Aug.10, 2005)). Courts take a commonsense approach when determining whether it was foreseeable to a non-signatory that she may be bound. *Id.* at *6. In doing so, courts consider the totality of the circumstances and ask whether it is fair and reasonable to bind the non-signatory to the forum selection clause considering those circumstances. *Id.* This approach places emphasis on whether it should have been reasonably foreseeable to the non-signatory that a situation might arise in which the non-signatory would become involved in a dispute relevant to the contract. *Id.*

The District Court for the Southern District of Ohio has listed typical examples of where a sufficiently close relationship

may be found, such as where the non-signatory is in an agency relationship with one of the parties to the contract and where the non-signatory is a third-party beneficiary to the contract. *Highway Commercial Servs., Inc. v. Zitis*, 2008 WL 1809117, *4 (S.D. Ohio April 21, 2008). While these are common situations where courts find non-signatories closely related to an agreement, courts ultimately apply common sense in light of the circumstances to determine whether a party in Mahan's position should be bound. *Reagan v. Maquet Cardiovascular U.S. Sales LLC*, No. 1:14CV548, 2015 WL 521049, at *3 (N.D. Ohio Feb. 9, 2015).

Here, while it is admittedly unclear from the complaint whether Plaintiff Mahan would be considered either Linz's agent or a third-party beneficiary to his agreement, there is no doubt that Plaintiff Mahan's connection to Core Values arose from the agreement that Linz signed. And while Mahan may not have been directly involved in executing the agreement, the complaint indicates that she played an integral part in helping Plaintiff Linz fulfill his obligations under the agreement.

Plaintiff Mahan began to communicate extensively with Core Values' leadership while she was living with Plaintiff Linz and helping him manage his dispatches. Both she and Core Values knew that they were in contact with one another through, and because of, the agreement between Core Values and Plaintiff Linz. Plaintiff Mahan acknowledges that she performed work for Core Values because

she was afraid that refusing would affect the number of calls Plaintiff Linz received. Plaintiff Mahan was accordingly close enough to Plaintiff Linz's operation to make it reasonably foreseeable to her that she might be bound by a forum selection clause within his Core Values agreement.

The complaint's allegations appear to indicate Mahan was either Linz's business partner or his employee and alleges that her efforts were in pursuit of a common interest, i.e., helping his business succeed. *See Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1056-57 (D. Minn. 2008) (noting that a close relationship and the pursuit of a common interest were important factors in deciding whether to subject a non-signatory to a forum selection clause).

These facts are similar to *First Fin. Mgmt. Grp., Inc. v. Univ. Painters of Baltimore, Inc.*, No. CIV.A. 11-5821, 2012 WL 1150131, (E.D. Pa. Apr. 5, 2012), where the court found that the non-signatory employees of a small business were closely related to the relevant contractual relationship and were bound by a forum selection clause because they had assisted the signatory. *Id.* at *3-4. Further, like the non-signatory defendants in *Reagan,* who had direct involvement in the events that gave rise to the lawsuit, Plaintiff Mahan had direct involvement in Plaintiff Linz's operation, and her claims all stem from the allegedly impermissible

labor practices that began after Plaintiff Linz signed his agreement with Core Values. *Reagan*, 2015 WL 521049, at *3.

Though Plaintiff Mahan alleges that she performed services beyond the scope of Plaintiff Linz's commitment to provide roadside assistance, her expansion efforts were not so distant from Linz's contractual obligations to render enforcement of the forum selection clause unreasonable or unforeseeable. While Plaintiff Mahan never performed roadside services, she assisted Plaintiff Linz in administering his operation, and Linz's agreement states that it applies to "any dispute between the parties . . . ." Thus, the agreement's broad language encompasses Plaintiff Mahan's work, especially the administrative work that initially put her in contact with Core Values. She performed her administrative work with Linz's knowledge and at least complicit consent. And she performed all of her work in order to benefit him by helping to ensure that he remained in good standing with Core Values.

The valid and enforceable forum selection clause alters the usual analysis of a § 1404(a) motion to transfer. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59-60 (2013). First, Plaintiffs' choice of forum is given no weight because Plaintiffs are assumed to have expressed their desired forum in the forum selection clause. *Id.* Second, courts cannot entertain arguments on the parties' private interest as those are now deemed to weigh entirely in favor of the choice of forum

contained in the forum selection clause. *Id.* at 64. Therefore, a district court may only consider arguments about the public interest factors.

While this dispute is closely connected to Ohio, there are no extraordinary circumstances that would discourage transfer to Washington due to public interest. In fact, the public has a strong interest in enforcing contracts as they are written, *see First Solar, LLC v. Rohwedder, Inc.*, No. 3:04 CV 7518, 2004 WL 2810105, at *3 (N.D. Ohio Dec. 8, 2004), and there is no indication that the District Court for the Eastern District of Washington would be unable to address the legal matters at issue. Therefore, both cases should be transferred to the Eastern District of Washington Spokane Division pursuant to 28 U.S.C. § 1404(a).

### III. CONCLUSION

Based on the above, Defendants' motion (Doc. 15) is **GRANTED**, and pursuant to 28 U.S.C. § 1404(a) the clerk is **ORDERED** to transfer this case, along with the related case *Mahan v. Core Values Roadside Service, LLC, et al.*, 1:19-cv-480, to the Eastern District of Washington Spokane Division.

This 17th day of March 2020.



Signed By:
*William O. Bertelsman* WOB
United States District Judge