FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 08, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMIAH LINZ, individually and on behalf of all others similarly situated, CORY DAVIS, individually and on behalf of all others similarly situated, and AARON KAMINSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORE VALUES ROADSIDE SERVICE, LLC, and MARK HYNDMAN,<br><br>Defendants. | No.   2:20-cv-00107-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION** |

Before the Court, without oral argument,[1] is Plaintiffs Jeremiah Linz, Cory Davis, and Aaron Kaminsky's "Motion and Memorandum in Support for Conditional Certification, Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. §216(b), [sic] and to Appoint Interim Class Counsel"

---

[1] Defendants requested oral argument on the motion. ECF No. 39 at 1. However, having reviewed the record, the parties' briefs, and the relevant legal authorities, is fully informed and finds the motions appropriate for decision without oral argument. *See* LCivR 7(i)(3)(B)(iii).

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
CONDITIONALLY CERTIFY COLLECTIVE WITH LEAVE TO AMEND – 1

("Motion for Preliminary Certification"), ECF No. 37. Plaintiffs, who worked for Defendants pursuant to "independent service provider" contracts, allege they were misclassified as independent contractors and that Defendants' policies violated the Fair Labor Standards Act ("FLSA") and state employment laws. ECF No. 1. Defendants seek preliminary certification as to their collective action claims under the FLSA. ECF No. 37. Defendants are opposed to preliminary certification, and present objections to various issues including to the proposed scope of the FLSA collective and to the proposed notice. ECF No. 39. Having reviewed the motion and the file in this matter, the Court is fully informed and grants the motion in part and directs Plaintiffs to submit a revised proposed notice.

## BACKGROUND

Plaintiffs filed this action on July 2, 2019 in the Southern District of Ohio against Defendant Core Values Roadside Service, LLC ("Core Values"), a roadside assistance company, and Defendant Hyndman, Core Values' managing member. ECF No. 1. Plaintiffs assert Defendants intentionally misclassified Plaintiffs and other similarly situated individuals as independent contractors rather than as employees and that Defendants refused to pay a minimum wage, willfully refused to pay overtime, and unlawfully reduced employee wages. *Id.* at 1.

Core Values provides "roadside assistance to customers, such as tire changes, jump starts, fuel delivery, and lockout services." *Id.* at 4. Plaintiffs, whom

Defendants classified as independent contractors, assert that they and other similarly situated individuals were actually employees, but that Defendants required them to sign "illegal and void 'Independent Service Provider Agreements.'" *Id.* at 4–5. Pursuant to these Independent Service Provider Agreements, Plaintiffs and members of the proposed collective, who worked as roadside service assistance technicians, were paid a flat amount of $12 to $15 per service run, with only $7 paid if the customer was not at the location designated for service (known as "gone on arrival runs"). *Id.* at 5. If the roadside service assistance technician refused or failed to respond to a request for a service run, the technician would be penalized in the amount of $8. *Id.* Plaintiffs assert Defendants required them and other technicians to have a specific smartphone application on their smartphones and to be "on call" twenty-four hours per day, seven days per week. *Id.*

Plaintiffs brought two claims intended as a collective action under the FLSA and three claims intended as a class action pursuant to Federal Rule of Civil Procedure 23. ECF No. 1 at 8, 10. Plaintiffs move to (1) conditionally certify "the proposed collective FLSA class," (2) implement a "procedure whereby [a] Court-approved Notice of Plaintiff's [sic] FSLA claims is sent (via U.S. Mail and e-mail) to all roadside assistance technicians who worked for Defendants and were misclassified by Defendants as independent contractors at any time in the past three years," (3) require the Defendants to "identify potential opt-in plaintiffs within 10

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
CONDITIONALLY CERTIFY COLLECTIVE WITH LEAVE TO AMEND – 3

days of the entry of the order," (4) equitably toll the statute of limitations for opt-in plaintiffs, and (5) appoint "Finney Law Firm, LLC and Crotty & Son Law Firm, PLLC as Interim Class Counsel." ECF No. 37 at 1–2.

## LEGAL STANDARD

The FLSA allows employees to bring an action based on alleged violations of its provisions both as an individual and on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). Described as a "collective action," this "serves to (a) reduce the burden on plaintiffs through the pooling of resources and (b) make efficient use of judicial resources by resolving common issues of law and fact together." *See Bolding v. Banner Bank*, No. C17-0601RSL, 2017 WL 6406136, at *1 (W.D. Wash. Dec. 15, 2017) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). The statute does not define the term "similarly situated" and the Court has discretion to determine whether a collective action is appropriate. *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011). The Ninth Circuit has instructed that "plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1107 (9th Cir. 2018).

Typically, courts "evaluate the propriety of the collective mechanism—in particular, plaintiffs' satisfaction of the 'similarly situated' requirement—by way

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
CONDITIONALLY CERTIFY COLLECTIVE WITH LEAVE TO AMEND – 4

of a two-step 'certification' process."[2] *Campbell*, 903 F.3d at 1100 (citations omitted). At the first step, known as the "notice" stage or as preliminary certification, the Court must determine that "the collective as defined in the complaint satisfies the 'similarly situated' requirement of section 216(b)." *Id.* at 1109. This typically occurs near the pleading stage and is "focused on a review of the pleadings but may sometimes be supplemented by declarations or limited other evidence." *Id.* The standard of review is lenient, and is "loosely akin to a plausibility standard, commensurate with the stage of the proceedings." *Id.*

"'The sole consequence' of a successful motion for preliminary certification is 'the sending of court-approved written notice' to workers who may wish to join the litigation as individuals." *Id.* at 1101 (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)). After the close of discovery, the employer may move for "decertification" of the collective action for failure to satisfy the "similarly situated" requirement based on the evidence at that time. *Id.* at 1109.

//

//

---

[2] The Ninth Circuit in *Campbell* noted that the terms "certification" and "decertification" were appropriated from class actions under Rule 23 despite the fact that "[c]ollective actions and class actions are creatures of distinct texts," and that the use of these terms has likely resulted in confusion in FLSA jurisprudence. 903 F.3d at 1101. However, this Court will follow the Ninth Circuit in adhering to these terms as they are now "widespread." *Id.* at 1102.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
CONDITIONALLY CERTIFY COLLECTIVE WITH LEAVE TO AMEND – 5

# DISCUSSION

**A.   The proposed collective, as defined, satisfies the "similarly situated" requirement**

Plaintiffs seek preliminary certification of a collective defined as "All roadside assistance technicians who worked for Defendants and were misclassified by Defendants as independent contractors at any time in the past three years." ECF No. 37 at 3. In support of their motion, Plaintiffs submit declarations from Plaintiffs Linz and Kaminsky ECF No. 37-1, 37-2. Plaintiffs assert each member of the proposed FLSA collective[3] worked for Defendants as roadside assistant technicians and were misclassified as independent contractors. ECF No. 37 at 6–8. Plaintiffs allege that the members of the proposed FLSA collective were each subject to a similar pay structure, receiving set amounts for service runs and for "gone on arrival runs," being subjected to pay deductions for alleged damage to customer vehicles, and not being reimbursed for mileage or wear and tear to personal vehicles. *Id.* at 9. Plaintiffs also allege that members of the proposed FLSA collective were not paid a minimum wage or compensated appropriately for overtime hours. *Id.*

The potential party plaintiffs also allegedly worked similar hours, "with Defendants requiring each roadside assistance technician to be on call for twenty-

---

[3] The FLSA refers to each member of the collective, once they have opted into the action, as a "party plaintiff." 29 U.S.C. § 216(b). This order will use the terms "proposed FLSA collective" or "potential party plaintiff."

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONDITIONALLY CERTIFY COLLECTIVE WITH LEAVE TO AMEND – 6

four hours per day, seven days per week, and to routinely work in excess of 70 hours per week." *Id.* Plaintiffs assert the members of the proposed FLSA collective were not required to "clock in and out using a time clock, but Plaintiffs believe Defendants knew the amount of time roadside assistance technicians worked and drove each week because Defendants knew the start and stop times of each job and their locations." *Id.* at 9–10.

The Court finds this sufficient to show the proposed FLSA collective members are "similarly situated." Defendants oppose preliminary certification, first arguing Plaintiffs are not misclassified employees but rather are appropriately described as independent contractors. ECF No. 39 at 2–6. However, this argument goes to the merits of Plaintiffs' FLSA claims, which is not appropriate at the preliminary certification stage. *See Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268, 272 (N.D. Cal. 2015) ("[C]ourts routinely hold that the potential applicability of an FLSA exemption does not preclude conditional certification."); *see also Luviano v. Multi Cable, Inc.*, No. CV 15-05592 BRO (FFM), 2017 WL 3017195, at *22 (C.D. Cal. Jan. 3, 2017) (finding consideration of the issue of whether collective members were independent contractors was premature on motion for conditional certification).

Defendants next argue that "Plaintiffs are not similarly situated in a material way that would lower individual costs." ECF No. 39 at 9. Defendants do not explain

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
CONDITIONALLY CERTIFY COLLECTIVE WITH LEAVE TO AMEND – 7

how other potential party plaintiffs would not benefit from pooling resources in collective action rather than filing individual suits, and the Court finds no merit in this portion of the argument. In terms of the alleged lack of similarity, Defendants argue that while Plaintiff Linz "may be typical of the other Independent Service Providers ["ISPs"] in Plaintiffs' proposed collective in many respects, he is not similarly situated to the other Plaintiffs in this case." ECF No. 39 at 7. Specifically, Defendants argue Linz was an "area preferred contractor" who received additional compensation based on the performance of other ISPs in the area. *Id.* Defendants assert Plaintiffs Davis and Kaminsky "accepted jobs in his area" and so part of the compensation he received was based on the calls taken by Davis and Kaminsky, and that Plaintiff Linz's compensation was not limited to the piece rate compensation described in the Complaint. *Id.* at 9. Defendants assert a collective that "lumps area preferred contractors with ISPs is too broad of the plaintiffs to be similarly situated." *Id.*

However, Plaintiffs' allegations are sufficient to show that the proposed party plaintiffs are similarly situated. *See Bollinger, LLC*, 761 F. Supp. 2d at 1120 (finding preliminary certification appropriate where proposed party plaintiffs performed similar duties, were subject to same compensation scheme with similar bonuses and discipline, were forced to work more than 40 hours per week, were denied overtime pay, and were misclassified as exempt employees). The Court does

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
CONDITIONALLY CERTIFY COLLECTIVE WITH LEAVE TO AMEND – 8

not find that the single alleged dissimilarity between certain members of the proposed collective alters this conclusion or that the Plaintiffs must proceed either as ISPs or as area preferred contractors. The FLSA's "similarly situated" standard does not require that every FLSA collective be composed of entirely homogenous individual members. *See Khadera v. ABM Indus. Inc.*, No. C08-0417 RSM, 2011 WL 7064235, at *2 (W.D. Wash. Dec. 1, 2011) ("the named plaintiffs 'need show only that their positions are similar, not identical, to the positions held by the putative [FLSA collective] members.'" (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001))).

Finally, Defendants have provided evidence undermining Plaintiff Linz's assertion that he was required to be available at all hours every day of the week. Specifically, Defendant have provided emails showing that Plaintiff Linz provided his own hours of availability. ECF No. 40-4. However, Defendants do not argue that the issue is individual to Linz or otherwise renders preliminary certification inappropriate. To the contrary, this evidence appears to challenge the factual allegations supporting Plaintiff Linz's claim that he was required to be "on call" at all times. As with the issue of whether Plaintiffs are properly categorized as independent contractors, the Court finds this contention going to the merits of Plaintiffs' claims is premature at this stage. As such, Plaintiffs have sufficiently shown that the proposed collective is "similarly situated."

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONDITIONALLY CERTIFY COLLECTIVE WITH LEAVE TO AMEND – 9

**B.     Plaintiffs' proposed class definition is appropriate**

Plaintiffs' proposed FLSA collective is defined as "All roadside assistance technicians who worked for Defendants and were misclassified by Defendants as independent contractors at any time in the past three years." ECF No. 37 at 3. Defendants argue that certification should be denied because the definition of the collective group contains a legal conclusion, specifically that the proposed group was misclassified as independent contractors. ECF No. 39 at 11. However, the legal authority Defendants cite in support of this argument is irrelevant to the issue of the collective's definition. *See id.* In *Campbell*, the Ninth Circuit described the standard for certifying a collective, describing similarly situated plaintiffs as those that "share a similar issue of law or fact material to the disposition of their FLSA claims." 903 F.3d at 1107. The Court noted that this preliminary determination as to whether the proposed party plaintiffs are similarly situated is based on "the collective as defined in the complaint." *See id.* at 1109. However, Defendants' argument essentially seeks to expand this to support finding that the definition for the collective must not contain legal conclusions.

Defendants also argue that the inclusion of the term "misclassified" renders the proposed FLSA collective potentially unclear. To the extent there is a slight risk of confusion, this is outweighed by the importance of the FLSA collective members having experienced the same alleged wrongs—including their misclassification as

1   independent contractors. The ultimate question of whether the FLSA collective

2   members were misclassified will be determined at a later point. Thus, the Court will

3   conditionally certify the FLSA collective as defined by Plaintiffs: "All roadside

4   assistance technicians who worked for Defendants and were misclassified by

5   Defendants as independent contractors at any time in the past three years."

6   **C.    Plaintiffs have not shown equitable tolling in the amount of four months is appropriate**

7

8   Plaintiffs indicate that Defendants have agreed to stipulate to tolling the

9   statute of limitations for the period between the filing of this motion and the mailing

10  of an approved notice. ECF No. 37 at 16. However, Defendants' response implies

11  they have not so stipulated. *See* ECF No. 39 at 11 ("Equitable tolling, *if any*, should

12  be limited . . .") (emphasis added). Further, Plaintiffs argue equitable tolling of "at

13  least four months, plus any delay the Court may face in adjudicating this issue," is

14  necessary. ECF No. 37 at 15. Plaintiffs cite to the delays in service of the complaint

15  allegedly caused by Defendants' failure to maintain the address for their registered

16  agent and the general delays related to the COVID-19 pandemic to support tolling.

17  ECF No. 37 at 14–16.

18  "Equitable tolling applies when the plaintiff is prevented from asserting a

19  claim by wrongful conduct on the part of the defendant, or when extraordinary

20  circumstances beyond the plaintiffs control made it impossible to file a claim on

time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). "Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Plaintiffs have not provided sufficient explanation of why equitable tolling is appropriate. For example, Plaintiffs state generally that "the recent Covid-19 pandemic has greatly reduced the capacity and efficiency of courts throughout the nation," ECF No. 37 at 15, but cite no particular delays owing to the pandemic in this case. Plaintiffs also fail to tie the requested amount of tolling to the length of the alleged delays in effectuating service on Defendants, or even to clearly articulate that Defendants engaged in wrongful conduct or explain what extraordinary circumstances may apply. As such, the motion is denied as to the request for equitable tolling, with leave to amend to provide sufficient justification for tolling. In any amended motion, Plaintiffs should also clarify whether Defendants have agreed to a particular period of tolling, for example, the period between the filing of this motion and the date this Order issues.

**D.    Plaintiffs are directed to amend the proposed Notice**

Defendants object to the proposed Notice on seven grounds.[4] ECF No. 39 at 13. Moreover, the Court has independently determined that the proposed Notice

---

[4] Defendants also indicate that "Plaintiffs also argue, without authority, that Defendants should pay for notice, failing to meet their burden of proof." ECF

is not clear. Specifically, the Court finds that the notice is not clear that the lawsuit is being brought only on behalf of persons who worked for Core Values as allegedly misclassified independent contractors, that the notice does not provide adequate warning about the risks of litigation, and that the notice does not clearly indicate the Court's position.

Accordingly, Plaintiffs shall make the following revisions: (1) clarify that the suit is brought on behalf of persons classified as independent contractors, for example by specifying the plaintiffs are roadside assistance technicians who have worked for Core Values during the specified time period under independent service provider agreements, (2) provide cautionary language to potential party plaintiffs about the risk that they may be subject to discovery, and (3) move the statement that the Court has not addressed the merits of the case to the front page.

Plaintiffs do not need to add any language about potential counterclaims. *See Guzman v. VLM, Inc.*, No. 07-CV-1126, 2007 WL 2994278, *8 (E.D.N.Y. Oct. 11, 2007) (finding cautionary language regarding costs or counterclaims inappropriate because they "may have an in terrorem effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree."). Plaintiffs do not need to any explanation of the potential costs, but should

---

No. 39 at 15. However, a review of Plaintiffs' motion does not show that Plaintiffs are requesting that Defendants fund the notice. *See* ECF No. 37.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
CONDITIONALLY CERTIFY COLLECTIVE WITH LEAVE TO AMEND – 13

retain the following currently-included language: "You will not be required to pay any fee for services provided by Class Counsel, except that a portion of any recovery may be approved by the Court as fees." *See Pittman v. Westgate Planet Hollywood Las Vegas, LLC*, No. 2:09-cv-00878-PMP-GWF, 2009 WL 10693400, at *10 ("Plaintiffs' counsel state that they will advance all expenses and assume the risk of loss for the same. Therefore, it is not necessary that the notice inform the potential class members of any requirement to pay costs."). As to Defendants' seventh objection, the proposed Notice includes a description of Defendants' position and the Court will not order an amendment as to this issue. Nor does the Court find revisions are needed as to the identification of counsel.

Finally, as Defendants note, Plaintiffs have not described the proposed procedure for issuing the notice. Plaintiffs have also not attached the proposed "Consent to Sue" form. Plaintiffs shall submit a revised notice to the Court within **fourteen days** of this Order, including the proposed "Consent to Sue" form, with an explanation of the proposed procedure for issuing the notice. Defendants may file objections within **seven days** of Plaintiffs' submission. The Court will thereafter issue an Order approving the notice and procedure for issuing the notice or directing additional amendments.

E. **Defendants must provide contact information for the proposed collective**

Defendants argue that a protective order must be in place before they provide

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
CONDITIONALLY CERTIFY COLLECTIVE WITH LEAVE TO AMEND – 14

1  Plaintiffs with potential party plaintiffs' contact details to restrict any dissemination
2  and use of contact information. ECF No. 39 at 12. Defendants also argue that the
3  request for telephone numbers is improper and premature. *Id.* Defendants provide
4  no support for the first proposition and fail to explain what protections they would
5  seek in a proposed protective order. Moreover, Courts regularly order production
6  of collective member identifying information. *See, e.g., Hoffmann-LaRoche*, 493
7  U.S. at 170 ("Section 216(b)'s affirmative permission for employees to proceed on
8  behalf of those similarly situated must grant the court the requisite procedural
9  authority to manage the process of joining multiple parties in a manner that is
10 orderly, sensible, and not otherwise contrary to statutory commands or the
11 provisions of the Federal Rules of Civil Procedure."). Defendants have also not
12 shown that providing telephone numbers is an excessive intrusion into potential
13 party plaintiff's privacy. Defendants shall provide contact information for the
14 identified FLSA collective to counsel for Plaintiffs within **twenty-one days** of this
15 Order in Microsoft Excel or similar digital format, identifying each person by full
16 name, last known address, telephone number, and email address.

17 **F.    Appointment of interim class counsel is appropriate**

18      Plaintiffs seek to appoint Finney Law Firm, LLC and Crotty & Son Law
19 Firm, PLLC as class counsel. ECF No. 37 at 2, 18–19. Defendants' argument
20 against appointment of class counsel goes to the general differences between class

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
CONDITIONALLY CERTIFY COLLECTIVE WITH LEAVE TO AMEND – 15

actions and collective actions, rather than the merits of appointing class counsel in this particular action. ECF No. 39 at 15. However, as Plaintiffs correctly note, interim class counsel is regularly appointed in collective actions under the FLSA, and courts have adopted the standards from class actions in doing so. *See Flores v. Velocity Espress, Inc.*, Case No. 12-cv-05790-JST, 2013 WL 2468362, *10 (N.D. Cal. June 7, 2013). Factors the Court looks to include "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Id.*

In this case, the proposed class counsel meets this standard. Counsel have spent significant time on this particular suit, have experience handling FLSA and employment litigation, and have experience handling class actions. ECF No. 37-3 at 2–3; ECF No. 37-4 at 2; ECF No. 37-6 at 2–4. As such, counsel have shown that appointment as interim class counsel for the collective action is appropriate.

## CONCLUSION

Plaintiffs have shown the proposed FLSA collective, as defined, meets the "similarly situated" requirement for the purposes of preliminary certification. Plaintiffs have also shown that appointment of Finney Law Firm, LLC and Crotty

& Son Law Firm, PLLC as interim class counsel is appropriate. However, Plaintiffs have not shown that equitable tolling is appropriate at this time and the proposed notice requires revision.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Preliminary Certification, **ECF No. 37**, is **GRANTED IN PART AND DENIED IN PART WITH LEAVE TO AMEND** as described above.

2. The class defined as: "All roadside assistance technicians who worked for Defendants and were misclassified by Defendants as independent contractors at any time in the past three years" is hereby **CONDITIONALLY CERTIFIED**.

3. Finney Law Firm, LLC and Crotty & Son Law Firm, PLLC are **APPOINTED** as **INTERIM CLASS COUNSEL** for the FLSA collective.

4. Plaintiffs shall submit a revised notice to the Court within **fourteen days** of this Order, including the proposed "Consent to Sue" form, with an explanation of the proposed procedure for issuing the notice.

    A. Defendants may file objections within **seven days** of Plaintiffs' submission.

5.    Defendants shall provide contact information for the identified FLSA collective to counsel for Plaintiffs within **twenty-one days** of this Order in Microsoft Excel or similar digital format, identifying each person by full name, last known address, telephone number, and email address.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 8th day of June 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONDITIONALLY CERTIFY COLLECTIVE WITH LEAVE TO AMEND – 18