Stephen E. Imm (Ohio 0040068/PHV)
Matthew S. Okiishi, Esq. (Ohio 0096706/Pro Hac Vice)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5678
stephen@finneylawfirm.com
matt@finneylawfirm.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMIAH LINZ, et al., | Case No. 2:20-cv-00107-SMJ |
| Plaintiffs, | Judge Salvador Mendoza, Jr. |
| v. | |
| CORE VALUES ROADSIDE SERVICE, LLC, et. al., | **PLAINTIFFS' AMENDED MOTION FOR EQUITABLE TOLLING** |
| Defendants. | JULY 22, 2020 |

Pursuant to the Court's June 8, 2020 Order granting in part and denying in part Plaintiffs' Motion to Conditionally Certify Collective Action (the "Motion") and inviting Plaintiff's to amend their Motion for Equitable Tolling, Plaintiffs, through Interim Class Counsel, aver as follows:

**A. Equitable tolling is appropriate in this case.**

As a preliminary matter, Plaintiffs appreciate the Court's granting of leave to amend their Motion for Equitable Tolling. (ECF No. 46, PGID 374) Plaintiffs are

PLAINTIFFS' AMENDED MOTION FOR EQUITABLE
TOLLING: 1

entitled to equitable tolling in this case due to Defendants' stipulation thereto and prior precedent.

### 1. Defendants have stipulated to tolling the statute of limitations.

On April 14, 2020, Plaintiffs' counsel emailed Defendants' counsel requesting a stipulation for tolling the statute of limitations. On April 16, Defendants' counsel sent a letter in reply, and set forth in no uncertain terms that "Defendants are willing to stipulate to equitable tolling from the time Plaintiffs file a motion for conditional certification, whenever that may be, through the time any mailing occurs." Declaration of Matthew S. Okiishi, Esq., *Exhibit A*. As a result of Defendants' letter, Plaintiffs' counsel filed the Motion the next day, April 17. The Motion included a passing reference to Defendants' stipulation, as Plaintiffs' counsel expected Defendants' counsel to honor his word.

Plaintiffs' counsel was surprised when Defendants' Memorandum in Opposition to the Motion implied that no stipulation was ever agreed to. Defendants' counsel should not be permitted to run from the stipulation Plaintiffs' counsel reasonably relied upon in good faith, and equitable tolling from at least April 17 through the date of mailing notice is appropriate.

### 2. Even if Defendants have not stipulated, prior precedent from courts within this Circuit demonstrates that equitable tolling is appropriate.

PLAINTIFFS' AMENDED MOTION FOR EQUITABLE
TOLLING: 2

Various courts within this Circuit have allowed equitable tolling in FLSA actions for the delay in deciding a motion for conditional certification, or the potential delay that may occur in providing the information needed to send notice to the putative class members. See e.g. *Baker v. Sunburst Consulting, Inc.*, 2017 U.S. Dist. LEXIS 121791, *15, CV 16-124-BLG-SPW-TJC (D. Mont. July 6, 2017); *Small v. U. Med. Ctr. of S. Nevada*, 2013 U.S. Dist. LEXIS 84840, 2013 WL 3043454 at *4 , Case No. 2:13-cv-00298-APG-PAL (D. Nev. June 14, 2013). The cases recognize that allowing the statute of limitations to be tolled during the pendency of a motion for conditional certification properly balances the interests of both parties. *Baker*, supra, at *15. Because there is a possibility that some statutes of limitation are running during the pendency of this Motion, equitable tolling is proper, even if Defendants refuse to live up to their prior stipulation regarding same.

### B. Conclusion

In light of the foregoing, the statute of limitations equitably tolled for the four-month period the Motion will have been pending.

Respectfully submitted,

/s/ Matthew S. Okiishi

_____

Stephen E. Imm (Ohio 0040068/PHV)
Matthew S. Okiishi, Esq. (Ohio 0096706/PHV)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5678
stephen@finneylawfirm.com
matt@finneylawfirm.com

Matthew Z. Crotty, WSBA 39284
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
(509) 850-7011
matt@crottyandson.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on June 22, 2020 I caused the forgoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the all counsel of record.

/s/ Matthew S. Okiishi

_____

Matthew S. Okiishi (Ohio 0096706/PHV)

PLAINTIFFS' AMENDED MOTION FOR EQUITABLE
TOLLING: 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMIAH LINZ, *et al.*, | Case No. 2:20-cv-00107-SMJ |
| Plaintiffs, | Judge Salvador Mendoza, Jr. |
| v. | |
| CORE VALUES ROADSIDE SERVICE, LLC, *et. al.*, | DECLARATION OF MATTHEW S. OKIISHI, ESQ. |
| Defendants. | |

I, Matthew S. Okiishi, Esq., declare under penalty of perjury that the following is true to the best of my knowledge and belief:

1. I am an attorney of record in the above-captioned action.

2. I am over 18 years of age.

3. I have personal knowledge of the facts contained herein.

4. On April 14, 2020, I emailed Defendants' counsel, Jeremy Hyndman, Esq., requesting a stipulation for tolling the statute of limitations in this action.

5. On April 16, Defendants' counsel sent a letter in reply stating "Defendants are willing to stipulate to equitable tolling from the time Plaintiffs file a motion for conditional certification, whenever that may

PLAINTIFFS' AMENDED MOTION FOR EQUITABLE
TOLLING: 1

be, through the time any mailing occurs." A true and accurate copy of this letter is attached hereto as Exhibit A.

6. Relying on this stipulation, I ensured that Plaintiffs' Motion for Conditional Certification was filed on April 17, 2020.

Date:_____          _____

PLAINTIFFS' AMENDED MOTION FOR EQUITABLE
TOLLING: 2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMIAH LINZ, et al., | Case No. 2:20-cv-00107-SMJ |
| Plaintiffs, | Judge Salvador Mendoza, Jr. |
| v. | |
| CORE VALUES ROADSIDE SERVICE, LLC, et. al., | DECLARATION OF MATTHEW S. OKIISHI, ESQ. |
| Defendants. | |

I, Matthew S. Okiishi, Esq., declare under penalty of perjury that the following is true to the best of my knowledge and belief:

1. I am an attorney of record in the above-captioned action.

2. I am over 18 years of age.

3. I have personal knowledge of the facts contained herein.

4. On April 14, 2020, I emailed Defendants' counsel, Jeremy Hyndman, Esq., requesting a stipulation for tolling the statute of limitations in this action.

5. On April 16, Defendants' counsel sent a letter in reply stating "Defendants are willing to stipulate to equitable tolling from the time Plaintiffs file a motion for conditional certification, whenever that may

DECLARATION OF MATTHEW S. OKIISHI, ESQ: 1

be, through the time any mailing occurs." A true and accurate copy of this letter is attached hereto as Exhibit A.

6. Relying on this stipulation, I ensured that Plaintiffs' Motion for Conditional Certification was filed on April 17, 2020.

Date: 6/22/2020

DECLARATION OF MATTHEW S. OKIISHI, ESQ: 2



T: 509.529.0630 | F: 509.525.0630
jeremy@basalt.legal

Jeremy Scott Hyndman, Esq.
*Attorney*

www.basalt.legal

April 16, 2020

Via matt@finneylawfirm.com

Matthew S. Okiishi, Esq.
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245

RE:   Linz v. Core Values
      Mahan v. Core Values

Dear Matt:

This letter responds to the issues you raised in your April 14 email regarding consolidation and equitable tolling.

Defendants do not stipulate to consolidation. There is some benefit to having the same judge administer both of these cases, but it does not make sense to have the Mahan action in the same suit as what your Linz complaint describes as a "national scheme." Any putative class or conditional collective should not be held back by discussion of what is happening in Mahan's comparatively miniscule claim. It is inefficient and confusing to address class action and collective action concerns in the same scheduling conference or trial as the Mahan claims. They should be on separate tracks. I think you know this, which is why you—rightly—filed these claims in separate lawsuits in the first place.

Defendants are willing to stipulate to equitable tolling from the time Plaintiffs file a motion for conditional certification, whenever that may be, through the time any mailing occurs. Defendants do not stipulate to equitable tolling running back to the date the action was filed, through an undetermined period of time in the future.

If you have any questions, please let me know.

Very truly yours,

Jeremy Hyndman

6 1/2 N. 2nd Ave., Suite 200 | Walla Walla, WA 99362



PLAINTIFF'S
EXHIBIT
A