Jeremy Hyndman, WSBA #44320
Basalt Legal PLLC
6 ½ N. Second Ave., Ste. 200
Walla Walla, WA 99362
509-529-0630

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMIAH LINZ and AARON KAMINSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CORE VALUES ROADSIDE SERVICE, LLC, and MARK HYNDMAN,<br><br>Defendants. | NO. 2:20-cv-00107-SMJ<br><br>DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT; AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS AGAINST JEREMIAH LINZ |

## DEFENDANTS CORE VALUES ROADSIDE SERVICE, LLC'S AND MARK HYNDMAN'S ANSWER

Now comes Defendants Core Values Roadside Service, LLC ("Core Values") and Mark Hyndman, by and through counsel, and for their Answer to Plaintiffs' First Amended Class and Collective Action Complaint, and Affirmative Defenses, admits, denies, and shows the Court as follows:

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS, p. 1

## INTRODUCTION

1. Admitted only that this case concerns Core Values. All remaining allegations are denied.

2. Denied.

3. Calls for a legal conclusion, therefore, denied.

4. Admitted only that Core Values Roadside Service, LLC ("Core Values") has worked with independent contractors in the states of Washington, Ohio, and Pennsylvania. All remaining allegations are denied.

## JURISDICTION AND VENUE

5. Calls for a legal conclusion, therefore, denied.

6. Calls for a legal conclusion, therefore, denied.

7. Denied.

## PARTIES

8. Without knowledge as to the residency of Jeremiah Linz, therefore, denied. All remaining allegations are denied.

9. Without knowledge as to the residency of Aaron Kaminsky, therefore, denied. All remaining allegations are denied.

10. Admitted only that Plaintiffs bring this action. All remaining allegations are denied.

11. Admitted only that Plaintiffs bring this action. All remaining allegations are denied.

12. Admitted only that Plaintiffs bring this action. All remaining allegations are denied.

13. Admitted.

14. Admitted only that Mark Hyndman is a resident of Washington and the managing member of Core Values. All remaining allegations are denied.

15. Denied.

16. Admitted.

17. Calls for a legal conclusion, therefore, denied.

18. Denied.

19. Denied.

## FACTUAL ALLEGATIONS

20. Denied.

21. Admitted only that Plaintiffs signed Independent Service Provider Agreements. All remaining allegations are denied.

22. Admitted only that Independent Service Providers paid a flat amount per service provided. All remaining allegations are denied.

23. Denied.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS, p. 3

BASALT LEGAL PLLC
6 ½ North Second Avenue, Suite 200
Walla Walla, WA 99362-0274
509-529-0630

24. Admitted only that damage to a customer's vehicle could be deducted from payments to Plaintiffs. All remaining allegations are denied.

25. Admitted only that Core Values did not pay Plaintiffs a reimbursement based on a specific number of miles. Core Values did occasionally pay mileage charges to independent contractors as a result of negotiations between Core Values and independent contractors. All remaining allegations are denied.

26. Denied.

27. Denied.

28. Without knowledge, therefore, denied.

29. Calls for a legal conclusion, therefore, denied.

30. Denied.

31. Denied.

32. Admitted only that independent contractors signed Independent Service Provider Agreements as part of their relationship with Core Values. All remaining allegations are denied.

33. Denied.

34. Denied.

35. Denied.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS, p. 4

36. Denied.

37. Calls for a legal conclusion, therefore, denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## COLLECTIVE ACTION ALLEGATIONS

46. Defendants restate and incorporate by reference the above paragraphs as if fully set forth herein.

47. Calls for a legal conclusion, therefore, denied.

48. Admitted.

49. Admitted only that ECF 1-1, 12 speak for themselves. All remaining allegations are denied.

50. Admitted only that Core Values' records speak for themselves. All remaining allegations are denied.

51. Without knowledge, therefore, denied.

52. Denied.

53. Denied.

## CLASS ACTION ALLEGATIONS

54. Admitted only that the complaint speaks for itself. All remaining allegations are denied.

55. Admitted only that the complaint speaks for itself. All remaining allegations are denied.

56. Admitted only that the complaint speaks for itself. All remaining allegations are denied.

57. Admitted only that the complaint speaks for itself. All remaining allegations are denied.

58. Calls for a legal conclusion, therefore, denied.

59. Calls for a legal conclusion, therefore, denied.

60. Calls for a legal conclusion, therefore, denied.

61. Without knowledge, therefore, denied.

62. Without knowledge, therefore, denied.

63. Admitted only that Plaintiffs signed Independent Service Provider Agreements. All remaining allegations are denied.

64. Without knowledge, therefore, denied.

65. Calls for a legal conclusion, therefore, denied.

66. Without knowledge, therefore, denied.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY STATUTORY MINIMUM WAGE
(On behalf of Plaintiffs and the FLSA Collective)

67. Defendants incorporate by reference all preceding paragraphs as if fully set forth herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

### COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY STATUTORY OVERTIME PREMIUM
(On behalf of Plaintiffs and the FLSA Collective)

73. Defendants incorporate by reference all preceding paragraphs as if fully set forth herein.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## COUNT III – QUANTUM MERIUT/UNJUST ENRICHMENT
## IMPROPER AND UNLAWFUL PAY DEDUCTIONS
**(On behalf of Plaintiffs and the putative Class members**

78. Defendants incorporate by reference all preceding paragraphs as if fully set forth herein.

79. Denied.

80. Admitted that Plaintiffs provided some benefit to Core Values under their signed Independent Service Provider Agreements. All remaining allegations are denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

## COUNT IV – VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT, PENNSYLVANIA CODE §231.1 *et seq.*
**(On behalf of Plaintiffs Linz, Kaminsky, and the putative Pennsylvania class members)**

86. Defendants incorporate by reference all preceding paragraphs as if fully set forth herein.

87. Calls for a legal conclusion, therefore, denied.

88. Denied.

## COUNT V – VIOLATION OF THE OHIO MINIMUM WAGE ACT, OHIO REVISED CODE §4111.01 *et seq.*
**(On behalf of Plaintiff Linz and the putative Ohio class members)**

89. Defendants incorporate by reference all preceding paragraphs as if fully set forth herein.

90. Calls for a legal conclusion, therefore, denied.

91. Denied.

## AFFIRMATIVE DEFENSES

For a further pleading and for their affirmative defenses to the Complaint of the Plaintiffs, Defendants further allege and show the Court as follows: Defendants reallege the contents of all paragraphs above and by this reference incorporates them herein.

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Defendants have paid Plaintiffs all they are due under the parties' agreement, federal law, and applicable state law.

3. Any alleged act or failure to act by or on behalf of Defendants was in

good faith and Defendants had reasonable grounds for believing their alleged acts or omissions did not violate federal law or applicable state law.

4. To the extent Plaintiffs and others similarly situated are entitled to damages, Defendants are entitled to credits for or set-offs against amounts overpaid to them.

5. Plaintiffs fail to meet the legal requirements for a collective action or class action.

6. Previous to the filing of the Complaint in this matter Plaintiffs and these Defendants had reached an accord and satisfaction as to the issues between them.

7. Plaintiffs' damages, if any, stem from Plaintiffs' own acts or omissions.

8. Plaintiffs have failed to mitigate Plaintiffs' damages, if any.

9. Plaintiffs' claims under state law are preempted, including under the Fair Labor Standards Acts, 29 U.S.C. § 201, *et seq.*

10. Defendants assert as affirmative defenses equitable estoppel, unclean hands, assumption of risk, waiver, estoppel, lack of consideration, lack of privity, failure to mitigate damages, failure of condition precedent, fault of a nonparty, fraud, illegality, laches, license, payment, release, statutes of limitation, and that

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS, p. 10

BASALT LEGAL PLLC
6 ½ North Second Avenue, Suite 200
Walla Walla, WA 99362-0274
509-529-0630

litigation has been resolved to conclusion and decisions on matters therein are therefore governed by the doctrines of collateral estoppel and res judicata.

## COUNTERCLAIMS

Having answered Plaintiffs' Complaint and asserted Affirmative Defenses, Counterclaimants Core Values Roadside Service, LLC ("Core Values") and Mark Hyndman now allege the following Counterclaims against Counter-defendant Jeremiah Linz.

## PARTIES, JURISDICTION AND VENUE

1.1   Counterclaimant, Core Values, is a Washington State Limited Liability Company with its principal place of business in Spokane County, Washington.

1.2   Counterclaimant Mark Hyndman is the managing member of Core Values and is a resident and citizen of Washington State.

1.3   Counter-defendant Jeremiah Linz, is a natural person, alleges that he is a resident of Ohio, and is already a party to this action.

1.4   Jurisdiction is proper in this Court under 28 U.S.C. § 1367. Venue is proper in this District under 28 U.S.C. § 1391 and pursuant to the parties' forum-selection clause.

## OPERATIVE FACTS

2.1  Jeremiah Linz executed an Independent Service Provider Agreement ("ISPA") with Core Values. *See* ECF No. 15, Attachment 2.

2.2  The ISPA is a binding, valid, and enforceable agreement.

2.3  Among its binding provisions, the ISPA, Section 19, states, "ISP [Independent Service Provider Linz] agrees and consents that the exclusive jurisdiction and venue for any dispute between the parties to this Agreement shall be limited to a local, state or federal court situated within the city of Spokane and/or Spokane County.

2.4  Notwithstanding Section 19, Jeremiah Linz filed this lawsuit in Ohio and contested transfer to this Court.

2.5  Among its binding provisions, the ISPA, Section 9, states that "ISP agrees to indemnify and save [Core Values], its parents, assigns, subsidiaries, affiliates, agents and employees, harmless from and against any and all losses, claims, demands, liabilities, suits or actions of any kind (including expenses and attorneys' fees)...."

2.6  As to Aaron Kaminsky, to the extent Core Values was his "employer," Jeremiah Linz was also their employer.

2.7  Among other things, Jeremiah Linz's business, Nice Guy Road
DEFENDANTS' ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS, p. 12
BASALT LEGAL PLLC
6 ½ North Second Avenue, Suite 200
Walla Walla, WA 99362-0274
509-529-0630

Service, provided the business hours for when Aaron Kaminsky was accepting Core Values dispatches on a regular, ongoing basis.

2.8  Jeremiah Linz requested, negotiated, and received compensation from Core Values based on the work performance of Aaron Kaminsky.

2.9  Jeremiah Linz failed to pay Aaron Kaminsky a minimum wage or overtime pay.

2.10  Jeremiah Linz directly or indirectly exercised significant control over the wages, hours, and working conditions of Aaron Kaminsky.

## BREACH OF CONTRACT: INDEMNIFICATION

4.1  Jeremiah Linz entered into the ISPA, which is a valid, binding agreement.

4.2  The ISPA contains an indemnification provision, which provides that Linz will indemnify Defendants against "any and all losses … or actions of any kind (including expenses and attorneys' fees) for … damage connected with the performance of this Agreement."

4.3  In connection with his performance of this Agreement, Linz served as an employer to Aaron Kaminsky to the same extent Defendant Core Values was a putative employer of Kaminsky.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS, p. 13

BASALT LEGAL PLLC
6 ½ North Second Avenue, Suite 200
Walla Walla, WA 99362-0274
509-529-0630

4.4 Linz worked in concert with Core Values to employ Aaron Kaminsky. Among other things, Linz: a) recruited Aaron Kaminsky; b) supervised and controlled his work schedule, conveying his business hours to Core Values; c) maintained work records for Kaminsky; and d) obtained remuneration based in part on Kaminsky's labor.

4.5 To the extent Core Values suffers losses due to this lawsuit related to Kaminsky, Jeremiah Linz should reimburse Core Values as a co-employer or joint tortfeasor pursuant to the indemnity provision of the ISPA.

## PRAYER FOR RELIEF

Defendants respectfully ask this Court for a judgment against Plaintiffs:

1. Denying the relief Plaintiffs seek;

2. Awarding Defendants their reasonable attorney fees and costs pursuant to contract, pursuant to Federal Rule of Civil Procedure 11, and pursuant to 28 U.S.C. § 1927;

3. Holding Jeremiah Linz jointly and severally liable with Core Values on any judgment entered against Core Values in favor of any other plaintiff; and

4. Awarding such other and further relief as to the Court may seem just and equitable.

Respectfully submitted this 11th day of August, 2020.

BASALT LEGAL PLLC


By: __/ s / Jeremy Hyndman__
Jeremy Hyndman, WSBA #44320
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: NONE

SIGNED August 11, 2020, at Walla Walla, Washington.

/ s / Jeremy Hyndman