Stephen E. Imm (Ohio 0040068/PHV)
Matthew S. Okiishi, Esq. (Ohio 0096706/Pro Hac Vice)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5678
stephen@finneylawfirm.com
matt@finneylawfirm.com

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| **JEREMIAH LINZ, et al,** | : | **Case No. 2:20-CV-00107-SMJ** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **PLAINTIFF'S MOTION TO** |
| | : | **DISMISS DEFENDANTS'** |
| **CORE VALUES ROADSIDE** | : | **COUNTERCLAIMS WITH** |
| **SERVICE, LLC, *et al.*** | : | **PREJUDICE** |
| | : | |
| **Defendants.** | : | **OCTOBER 21, 2020** |
| | : | **WITHOUT ORAL ARGUMENT** |
| | : | |
| | : | |
| | : | |
| | : | |

Now comes Plaintiff, Jeremiah Linz, by and through his undersigned legal counsel, and moves pursuant to Fed. R. Civ. R. 12(b)(6) for an Order dismissing Defendants' Counterclaim with prejudice. This Motion is supported by the attached Memorandum in Support.

MOTION TO DISMISS: 1

### MEMORANDUM IN SUPPORT

#### A. Background

Plaintiff Linz, along with others, filed this action in 2019 asserting claims under the Fair Labor Standards Act and associated state law claims. On July 29, 2020, Plaintiffs filed their First Amended Complaint. On August 11, 2020, Defendants filed an Answer and asserted a Counterclaim against Plaintiff Linz for "Breach of Contract: Indemnification." (ECF 70, PAGEID 598). Defendants' Counterclaim relies solely on the independent contractor agreement executed by Plaintiff Linz for their theory of recovery.

Defendants' Counterclaim asserts that Linz agreed to indemnify Defendants or should otherwise be considered a joint tortfeasor. (ECF 70, ¶¶ 2.5-2.10)

#### B. Argument

A complaint must include facts that "state a claim to relief that is plausible on its face." *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1031 (9th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)) While the court must accept as true the facts alleged in a well-pleaded complaint, mere legal conclusions are not entitled to an assumption of truth. *Id.* at 1032. Though detailed factual allegations are not necessary, the counterclaim must provide more than "labels and conclusions" or a "formulaic recitation of the elements

MOTION TO DISMISS: 2

of a cause of action." *Milo & Gabby, LLC v. Amazon.com, Inc.*, 12 F. Supp. 3d 1341,
1345 (W.D. Wash., 2014) Ultimately, dismissal under Rule 12(b)(6) is appropriate
where there is either "a lack of a cognizable legal theory" or "the absence of
sufficient facts alleged under a cognizable legal theory." *Id*. at 1346.

### 1. *Defendants' Counterclaim for Indemnification and joint liability should be dismissed.*

As the basis for their counterclaim, Defendants rely solely on the language of
the indemnification provision of the ISPA. (ECF 70, ¶4.5) ("To the extent Core
Values suffer losses due to this lawsuit related to Kaminsky, Jeremiah Linz should
reimburse Core Values as a co-employer or joint tortfeasor pursuant to the indemnity
provision of the ISPA.") In Paragraph 2.5 of their Counterclaim, Defendants assert:

> Among its binding provisions, the ISPA, Section 9, states that "ISP agrees to
> indemnify and save [Core Values], its parents, assigns, subsidiaries, affiliates,
> agents and employees, harmless from and against any and all losses, claims,
> demands, liabilities, suits or actions of any kind (including expenses and
> attorneys' fees)…"

(ECF 70, ¶2.5.) The complete text of Section 9, however, betrays Defendants'
assertion of an entitlement to indemnification under the independent contractor
agreement. (See ECF 15-2, PAGEID 76.) As the agreement clearly shows, Linz
agreed to indemnify Defendants against only those losses, claims, demands,
liabilities, suits or actions "for injuries to, or death of, any person or persons" or
property loss or damage. *Id*. None of those situations serve as the basis for Linz's

MOTION TO DISMISS: 3

action against Defendants, from which Defendants (tautologically) claim to be entitled to indemnification. (ECF 1)

Furthermore, it is clear from the text of the agreement itself that the indemnification provision was intended to cover accidents and negligence in the performance of Linz' roadside assistance duties. Plainly, this has no applicability to claims of FLSA violations. Because the indemnification provision plainly does not apply, and Defendants' Counterclaim is "pursuant to the indemnity provision of the ISPA," it must be dismissed. The agreement at issue was entered into explicitly to provide "Services," defined as fuel delivery and jump starts. (ECF 15-2, PAGEID 75) Its indemnification provision, drafted unilaterally by Defendants, applies for "injuries to, or death of any person or persons... and property loss or damage **connected with the performance of the agreement**." (ECF 15-2, PAGEID 76(emphasis added).) Put another way, the only reasonable interpretation of this indemnification provision is to save and hold harmless Defendant for torts resulting from Plaintiff negligently providing the contracted for Services.

This contention is further supported by Defendants requiring Plaintiff to maintain Contractual Liability insurance specifically insuring against the liabilities assumed in the indemnity provision, with limits for bodily injury and property damage. (ECF 15-2, PAGEID 76)

MOTION TO DISMISS: 4

FLSA actions are not considered to be personal injury actions. *See Nelson v. Commissioner*, 2001 Tax Ct. Summary LEXIS 151, *10, No. 10322-955 (Tax Ct., April 2, 2001) ("The FLSA does not provide for personal injury compensation."); *Gilliland v. Bd. of Educ. of Charles County*, 526 Fed. Appx. 243 (4th Cir. 2013) ("FLSA claims are contractual in their nature.") As such, the indemnification provision does not apply for actions arising from Defendants' alleged violations of the FLSA.

Moreover, even if the current FLSA action was somehow anticipated by the indemnification provision, Defendants do not allege that Linz was the <u>cause</u> of Defendants' alleged violations of the FLSA. The focus of indemnification clauses is on causation, not negligence. *Nunez v. Am. Bld. Maint. Co. W.*, 144 Wn. App. 345, 351 (2008). The text of the indemnification provision likewise absolves Plaintiff of the sole negligent acts of Defendants. (ECF 15-2.)  But Defendants do not allege that any of Plaintiff's actions caused Defendants' violation of the FLSA, nor can they do so. Their own documents, incorporated by reference in the Counterclaim, belie the notion that Plaintiff did <u>anything</u> to cause Defendants to violate the FLSA. It was *Defendants* who provided the dispatch calls to Kaminsky. ECF 15-2, PAGEID 85. It was *Defendants* who remitted payment to Kaminsky. *Id.* And it was *Defendants* who set the rate schedules. *Id*.

MOTION TO DISMISS: 5

### 2. *Defendants' Counterclaim under a joint employer theory must be dismissed.*

But even if the indemnification provision did apply, Defendants' Counterclaim should still be dismissed. Defendants also assert that Linz "is an employer to the same extent Core Values is an employer," and should reimburse Core Values as a co-employer and joint tortfeasor. (ECF 70, ¶4.5.) To support this contention, Defendants assert only that Linz and his business, "Nice Guy Road Service," provided work hours for Kaminsky, and received compensation based on Kaminsky's work. (ECF 70, ¶¶ 2.7, 2.8.) Defendants also allege that Linz "recruited Aaron Kaminsky," supervised and controlled his work schedule by conveying his business hours to Core Values, maintained work records for Kaminsky, and obtained renumeration based in part on Kaminsky's labor. (ECF 70, ¶ 4.4.) These are the only allegations used to support their assertion that "to the extent Core Values suffers losses due to this lawsuit, Jeremiah Linz should reimburse Core Values as a co-employer and joint tortfeasor pursuant to the indemnity agreement." (ECF 70, ¶ 4.5.)

When analyzing a joint employer relationship, courts in this circuit look to whether the entity asserted to be a joint employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carrillo v. Schneider Logistics Trans-Loading & Distrib.,*

MOTION TO DISMISS: 6

*Inc.*, 2014 U.S. Dist. LEXIS 5379, 2:11-cv-8557-CAS(DTBx), (C.D. Cal. 2014) (citing *Bonnette v. Cal. Health & Welf. Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)). Defendants have clearly not pled facts that even on their face would satisfy the four *Bonnette* factors. The Counterclaim is completely devoid of any allegations that Linz had the power to hire and fire the employees, or that he determined the rate and method of payment. Defendants' threadbare allegation that Linz "maintained work records for Kaminsky" is precisely the mere "label or conclusion" insufficient to survive a Rule 12(b)(6) motion.

Defendants' attempt to satisfy the second *Bonnette* factor is likewise hopelessly deficient. Defendants allege that Linz "supervised and controlled" Kaminsky's work schedule, and attempt to support this proposition by alleging that Linz "conveyed his business hours to Core Values." (ECF 70, ¶4.4.) Taking the pleading on its face, Defendants' own allegation does not rise to the level of control necessary for an employment relationship. Defendants deliberately use the word "conveyed," they do not allege that Linz "set" or "established" business hours. Nor do they allege any other facts that would indicate Linz "supervised and controlled" Kaminsky's work schedule.

### 3. Defendants' Counterclaims should be dismissed with prejudice.

MOTION TO DISMISS: 7

Even if permitted leave to amend their deficient Counterclaim for indemnification, Defendants could not truthfully assert a valid amended claim. The evidence they themselves have already submitted to the Court betrays them. Defendants produced and filed the independent contractor agreement of Kaminsky. This document is devoid of any reference to Linz or his entity, Nice Guy Roadside Service. It is simply an agreement between Defendants themselves and Kaminsky individually. (ECF 15-2.) The agreement demonstrates that it was *Defendants*, not Linz, who set the rate schedule, and *Defendants* who required the submission of work receipts and other documents to themselves. Thus, even with leave to amend, Defendants could not truthfully aver a plausible set of facts that would entitle them to relief under a joint employer theory of indemnification.

Because the record before this Court, in the form of Defendants' own filings (ECF 15-2), shows that amendment would be futile, dismissal of Defendants' Counterclaim with prejudice is appropriate. *Kassner v. Kadlec Reg'l Med. Ctr.*, 2012 U.S. Dist. LEXIS 93074, *9, No: CV-11-5114-RMP (E.D. Wash. July 5, 2012) (citing *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F. 3d 1053, 1061 (9th Cir. 2004); *Stewart v. U.S. Bancorp*, 297 F. 3d 953, 957 (9th Cir. 2002)).

**C. <u>Conclusion</u>**

MOTION TO DISMISS: 8

In light of the foregoing, Defendants' Counterclaims against Plaintiff Linz should be dismissed with prejudice.

Respectfully submitted this September 1, 2020.

/s/ Matthew S. Okiishi

_____

Stephen E. Imm (Ohio 0040068/PHV)
Matthew S. Okiishi, Esq. (Ohio 0096706/PHV)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5678
stephen@finneylawfirm.com
matt@finneylawfirm.com

/s/ Matthew Z. Crotty

_____

Matthew Z. Crotty, WSBA 39284
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA  99201
(509) 850-7011
matt@crottyandson.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on September 1, 2020 I caused the forgoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

MOTION TO DISMISS: 9

*/s/ Matthew S. Okiishi*

_____

Matthew S. Okiishi (Ohio
0096706/PHV)

MOTION TO DISMISS: 10